UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLAYTONIUS LEWIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>ALBERTO GONZALES *et al.*, )<br>)<br>Respondents. )<br>_____) | Civil Action No. 07-2099 (EGS) |

MEMORANDUM OPINION

In this *habeas corpus* action, petitioner, a federal prisoner at the United States Penitentiary in Terre Haute, Indiana, challenges his conviction entered by the "United States District Court of Tennessee" following a guilty plea. Pet. at 1. He claims, *inter alia*, that the sentencing court lacked jurisdiction and that he received ineffective assistance of counsel.

Habeas review of a federal conviction is available under 28 U.S.C. § 2255, which states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during

2

sentencing). Petitioner has not demonstrated the inadequacy or ineffectiveness of this remedy. His recourse therefore lies in the sentencing court. Lacking jurisdiction to entertain the petition, the Court will dismiss this case by separate Order issued contemporaneously.

SIGNED:     EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: January 10, 2008