UNITED STATES DISTRICT COURT
FOR THE
JUDICIAL DISTRICT OF COLUMBIA

RECEIVED

FEB 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CLAYTONIUS LEWIS,

    Petitioner/Plaintiff,

vs.

GONZALES, et. al.,

    Respondent(s)/Defendant(s).

§
§
§
§
§
§
§
§
§
§
§

No. 1:07-CV-2099-EGS

MOTION FOR RECONSIDERATION
OF ORDER ON
MEMORANDUM AND OPINION

    **COMES NOW**, Claytonius Lewis, pro-se, in want of counsel, and re-
spectfully moves this court to reconsider it's decision of January
10, 208.  Dismissing Petitioner's Habeas Corpus Application.
This Court ruled in it's Memorandum Opinion that Petitioner's relief
existed in filing a §2255, to challenge a judgment of conviction.  Pet-
itioner clearly challenges the condition of which he was [is] incarcer-
ated.  Outlined in his Memorandum of Law w/ Incorporated Points & Author-
ities.  Additionally, attached to the original filing Petitioner included
an Administrative and Quasi-Judicial Notice [Show Cause] for this Court
t issue to the Respondent's placing the burden upon them to Show Cause
why the Writ should not issue.

**ARGUMENT**

    Counsel for Petitioner failed ab initio to raise or challenge
the fact that the Federal Statutory Provisin under which the Pet-
itioner was charged was never enacted by Congress, unpromulgated
in the Federal Register and possessed no public implementing authority
in the Federal  Code of Regulation.  The Petitioner would like

///// - 1

the record to reflect that the Federal Statutory Provisions under which he is charged, are in fact commercial regulatory statutes have not been promulgated in the Federal Register or the Code of Federal Regulations, as required under **44 U.S.C. §1505, et. seq.,** and **5 U.S.C. §601. Therefore, it is arguable that the court has jurisdiction to adjudicate sanctions for violations of umpromulgated regulatory statutes.** The Petitioner thus advances with supporting authorities that no documentation can be shown that the enumerated subsections under which the accused party is charged, have published regulations, thus, these Federal Statutory Provisions under which the Petitioner is charged, lack the force and effect of law, when misapplied beyond parameters of Rule 54(c) - Acts of Congress, of Federal Rules of Criminal Procedure.

2.

In **Foley Brothers v. Filardo**, 336 U.S. 281 (1949), the high court stated, " It is well established as a principle of law, that all federal legislation applies only within the territorial jurisdiction of the (federal) United States unless contrary intent appears." In order for a contrary intent to be facilitated, delegations of authority and implementing regulations must be published in the Federal Register.

3.

Fortunately, there is a readily available method for disclosing which Statutes at Large, and which statutes contained within the 50 Titles of the United States Code, possess either restricted application or general applicability to the several States and the population at large. This method is through consulting the Federal Tables of Authority and Rules.

4.

In **Morning v. Family Publications Service, Inc.**, 411 U.S. 356, 369 (1973). In the framework of criminal prosecution, unclarity

in the statute or a regulation issued thereunder, is, enough to resolve doubts in favor of the defendant.

5.

There are fatal defects in the Government's **charging instrument**: the defense counsel was ineffective in failing to raise or challenge the self-evident and self-declaring defect in the government's charging instrument.  The Petitioner argues that an indictment which fails to allege all of the elements of the alleged offense is defective and must be dismissed, where one of the elements is crucial and is in fact in sine qua to the legitimate application of the subsequent charged offense. The charging of the Petitioners offense to an alleged violation of the Federal Interstate Commerce Statute, otherwise Federal Subject Matter Jurisdiction is missing.  See, **United States v. Pupo**, 841 F.2d 1235, the Petitioner argues that an indictment fails to appraise the accused party of what he must be prepared to defend against.  Accordingly, an allegation of Interstate Commerce is jurisdiction and as such is an essential element in appraising the Petitioner of the Grand Jury's authorit to indict.  The Constitutional rights of an accused are violated when modification, at trial or by Court of Appeals acts to broaden the charge contained in the indictment, such modification contradict the very purpos of the Fifth Amendment Grandd Jury requirements.  See, **United States v. Strone,** 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct. (expressing similar views).  The failure of the government to include in the indictment any charge that the Petitioner's conduct affected Interstate of Intrastate, or any commerce was not cured by the citation of the Statutes.  In the sufficiency of an indictment it is the statement of facts in the pleadin rather than the Statutory Citation that is controlling.  See, **United States v. Wuco**, 535 F.2d 1225 (9th Cir. 1976).  It is elementary that every ingredient of the crime must be charged in the bill, with a genera reference note provisions of the statute being insufficient. See, **Hale v. United States**, 89 F.2d (4th Cir.) and **United States v. Berlin**, 472

F.2d 1002, 1007 (2nd Cir. 1973), also **United States v. Beard**,
414 F.2d 1014, 1017 (3rd Cir.)  This indictment can be sustained
even if the government alleged and proved that the offense had
a nexus to commerce.  See, **United States v. Lopez**, at F.3d 1342.

6.

It is in this sense that the Tenth Amendment state but a truism
"that all is retained which has not been surrendered." **United States
v. Darby**, 312 U.S. 10, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430
(1941).  As Justice Story put is, "... this amendment is a mere affirm-
ation of what, upon any just reasoning is a necessary rule of interpret-
ing the Constitution.  Being an instrument of limited and enumerated
power, that what is not conferred is withheld and belongs to the States
authority," 3.j.  Story Commentaries on the Constitution of the United
States 752 (1833).  The argument this Petitioner brings to this court
is the Federal Government did not have jurisdiction over the geographical
location wherein the alleged prohibitive activity took place, in land,
which was never ceded to the United States, the interstate commerce
element becomes essential to establish jurisdiction and prove every
element of the offense.  Applying the rational of the Supreme Court
in **United States v. Mechanik**, 475 U.S. 66, 70, 106 S.Ct. 938, 941, 89
L.Ed.2d 50 (1989) and **United States v. Hooker**, 841 F.2d 1225, like the
decision in **Hooker** cannot be applied here because the court did had
no jurisdiction to try the Petitioner on a count which failed to expres-
sley allege an effect on inter or intra-state commerce.  Jurisdiction
is lacking if the indictment did not allege a federal crime, by means
of a connection with interstate commerce.  This action by the prosecutor,
would certainly deprive the Petitioner the basic protection, which the
guaranty of the intervention of a Grand Jury was designed to secure.
For the Petitioner could then be convicted on the basis of charges not
found by and perhaps not even presented to the Grand Jury, which in-
dicted him.

7.

There is no Amendment to the Constitution ratified by three-fourths of the sovereign states to provide for nationwide jurisdiction and application of which the party is charged.

8.

The undersigned committed no violations of the Federal Interstate Commerce Clause Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a commerce nexus. Thus, there is no showing of Federal Subject Matter Jurisdiction.

9.

The locus in quo where the alleged prohibitive acts of the undersigned took place is a geopgraphical location not within the legislative territorial or admiralty jurisdiction of the Federal Government.

**WHEREFORE,** the court should be compelled to find it does has jurisdiction in this instant matter, finding that the Petitioner committed no prohibitive acts within the legislative jurisdiction of the Federal United States, or within the reach of interstate commerce, therefore the Petitioner is unlawfully incarcerated and detained in violation of his secured Constitutional rights by way of judgment of the Court in want of jurisdiction.

**THEREFORE,** the must be released and discharged from Federal custody. In allowing the Government to address this argument presented, it should issue a **SHOW CAUSE ORDER** addressing why it should not issue a writ.

Date: *February 25, 2008*

Respectfully submitted

///// - 5

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

To all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, the seal of the National Archives of the United States, that the attached reproduction(s) is a true and copy of documents in his custody.

| SIGNATURE | | |
|---|---|---|
| NAME Richard Hunt | | DATE 10/05/06 |
| TITLE Director Center for Legislative Archives | | |
| NAME AND ADDRESS OF DEPOSITORY The National Archives Washington, D.C. 20408 | | |

*U.S. GPO: 1998-442-221/89075

NA FORM 14007A (10-86)

Union Calendar No. 138

80TH CONGRESS
1ST SESSION

# H. R. 3190

[Report No. 304]

---

## IN THE HOUSE OF REPRESENTATIVES

APRIL 24, 1947

Mr. ROBSION introduced the following bill; which was referred to the Committee on the Judiciary

APRIL 24, 1947

Committed to the Committee of the Whole House on the State of the Union and ordered to be printed

---

# A BILL

To revise, codify, and enact into positive law, Title 18 of the United States Code, entitled "Crimes and Criminal Procedure".

1 *Be it enacted by the Senate and House of Representa-*
2 *tives of the United States of America in Congress assembled,*
3 That Title 18 of the United States Code, entitled "Crimes
4 and Criminal Procedure", is hereby revised, codified, and
5 enacted into positive law, and may be cited as "Title 18,
6 U. S. C., §—", as follows:

367

1  international extradition, including the fees of the com-
2  missioner, shall be certified by the judge or commissioner
3  before whom the hearing shall take place to the Secretary
4  of State of the United States, and the same shall be paid
5  out of appropriations to defray the expenses of the judiciary
6  or the Department of Justice as the case may be.

7    The Attorney General shall certify to the Secretary
8  of State the amounts to be paid to the United States on
9  account of said fees and costs in extradition cases by the
10 foreign government requesting the extradition, and the
11 Secretary of State shall cause said amounts to be collected
12 and transmitted to the Attorney General for deposit in the
13 Treasury of the United States.

CHAPTER 211.—JURISDICTION AND VENUE

Sec.
3231. District courts.
3232. District of offense—Rule.
3233. Transfer within District—Rule.
3234. Change of venue to another district—Rule.
3235. Venue in capital cases.
3236. Murder or manslaughter.
3237. Offenses begun in one district and completed in another.
3238. Offenses not committed in any district.
3239. Threatening communications.
3240. Creation of new district or division.
3241. Jurisdiction of offenses under certain sections.
3242. Indians committing certain offenses; acts on reservations.
3243. Jurisdiction of State of Kansas over offenses committed by or
        against Indians on Indian reservations.

14  § 3231.  DISTRICT COURTS

15    Offenses against the United States shall be cognizable
16  in the district courts of the United States, but nothing in
17  this title shall be held to take away or impair the jurisdiction
18  of the courts of the several states under the laws thereof.

Union Calendar No. 138

80th CONGRESS
1st SESSION

# H. R. 3190

[Report No. 304]

# A BILL

To revise, codify, and enact into positive law,
Title 18 of the United States Code, entitled
"Crimes and Criminal Procedure".

By Mr. ROBSION

APRIL 24, 1947

Referred to the Committee on the Judiciary

APRIL 24, 1947

Committed to the Committee of the Whole House on
the State of the Union and ordered to be printed

PASSED HOUSE
AMENDED

MAY 12 1947

APPENDIX "II"

## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

𝔄𝔫 𝔞𝔩𝔩 𝔱𝔬 𝔴𝔥𝔬𝔪 𝔱𝔥𝔢𝔰𝔢 𝔭𝔯𝔢𝔰𝔢𝔫𝔱𝔰 𝔰𝔥𝔞𝔩𝔩 𝔠𝔬𝔪𝔢. 𝔊𝔯𝔢𝔢𝔱𝔦𝔫𝔤:

virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

seal of the National Archives of the United States, that the attached reproduction(s) is a true and

co          y of documents in his custody.

| SIGNATURE | | |
|---|---|---|
| R. J. At | | |
| NAME Richard Hunt | | DATE 10/12/06 |
| TITLE Director Center for Legislative Archives | | |
| NAME AND ADDRESS OF DEPOSITORY The National Archives Washington, D.C. 20408 | | |

*U.S. GPO: 1996-442-221/890

NA FORM 14007A (10-86)



THE SENATE OF THE UNITED STATES

MAY ... legislative day, APRIL 21), 1947

H      twice and       red to the Committee on the Judiciary

*Reported by Mr. Wiley, with amendments.*

JUN 1 4 '48 FEB. DAY JUN 1   '48

Reported with amendments.

# AN ACT

To revise, co      , and enact      o positive law, Title 18 of the
United S      s Code, enti      "Crimes and Criminal Pro-
cedure".

1      *Be it en      d by the Sen      and House of Representa-*
2  *tives of the Ur      d States of Am      a in Congress assembled,*
3  That Title 18 o      he United State      ode, entitled "Crimes
4  and Criminal Proc      re", is hereby      vised, codified, and
5  enacted into positive      and may b      ted as "Title 18,
"      as follows:

80TH CONGRESS
1ST SESSION

# H. R. 3190

## IN THE SENATE OF THE UNITED STATES

MAY 13 (legislative day, APRIL 21), 1947
Read twice and referred to the Committee on the Judiciary

# AN ACT

To revise, codify, and enact into positive law, Title 18 of the
United States Code, entitled "Crimes and Criminal Pro-
cedure".

1     Be it enacted by the Senate and House of Representa-

2 tives of the United States of America in Congress assembled,

3 That Title 18 of the United States Code, entitled "Crimes

4 and Criminal Procedure", is hereby revised, codified, and

5 enacted into positive law, and may be cited as "Title 18,

6 U. S. C., §—", as follows:

471

| Date | Statutes at Large | | | | U. S. Code | |
|------|-------|---------|--------|------|-------|---------|
| | Chap-ter | Section | Vol-ume | Page | Title | Section |
| 1946—July 10 | 547 | - - - - | 60 | 524, 525 | 18 | 641 |
| July 24 | 606 | - - - - | 60 | 656 | 18 | 409–411 |
| Aug. 2 | 735 | - - - - | 60 | 789 | 18 | 408e |
| Aug. 14 | 964 | ** 3 | 60 | 1064 | 7 | 1026 |

** Only the provisions amending section 52 of Act July 22, 1937, ch. 517, title IV, 50 Stat. 531, 532.

Passed the House of Representatives May 12, 1947.

Attest:

JOHN ANDREWS,

*Clerk.*

# APPENDIX "III"

# NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## To all to whom these presents shall come, Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, the seal of the National Archives of the United States, that the attached reproduction(s) is a true and correct copy of documents in his custody.



| SIGNATURE | |
|---|---|
| NAME<br>Richard H. Hunt | DATE<br>10/19/05 |
| TITLE<br>Director | |
| NAME AND ADDRESS OF DEPOSITORY<br>Center for Legislative Archives<br>The National Archives<br>Washington, D.C. 20408 | |

NA FORM APR 85 14

*Copy for printer*

*Copy for Print*

## Calendar No. 1675

80TH CONGRESS
1ST SESSION

# H. R. 3190

REPORT NO. 1620

## IN THE SENATE OF THE UNITED STATES

MAY 13 (legislative day, APRIL 21), 1947

Read twice and referred to the Committee on the Judiciary

*Reported by Mr. Wiley, with amendments.*

JUN 14 48 LEG. DAY JUN 1  48

Reported with amendments.

# AN ACT

To revise, codify, and enact into positive law, Title 18 of the
United States Code, entitled "Crimes and Criminal Pro-
cedure".

1    *Be it enacted by the Senate and House of Representa-*
2  *tives of the United States of America in Congress assembled,*
3  That Title 18 of the United States Code, entitled "Crimes
4  and Criminal Procedure", is hereby revised, codified, and
5  enacted into positive law, and may be cited as "Title 18,

367

1 international extradition, including the fees of the com-

2 missioner, shall be certified by the judge or commissioner

3 before whom the hearing shall take place to the Secretary

4 of State of the United States, and the same shall be paid

5 out of appropriations to defray the expenses of the judiciary

6 or the Department of Justice as the case may be.

7     The Attorney General shall certify to the Secretary

8 of State the amounts to be paid to the United States on

9 account of said fees and costs in extradition cases by the

10 foreign government requesting the extradition, and the

11 Secretary of State shall cause said amounts to be collected

12 and transmitted to the Attorney General for deposit in the

13 Treasury of the United States.

CHAPTER 211.—JURISDICTION AND VENUE

Sec.
3231. District courts.
3232. District of offense—Rule.
3233. Transfer within District—Rule.
3234. Change of venue to another district—Rule.
3235. Venue in capital cases.
3236. Murder or manslaughter.
3237. Offenses begun in one district and completed in another.
3238. Offenses not committed in any district.
3239. Threatening communications.
3240. Creation of new district or division.
3241. Jurisdiction of offenses under certain sections.
3242. Indians committing certain offenses; acts on reservations.
3243. Jurisdiction of State of Kansas over offenses committed by or against Indians on Indian reservations.

14 § 3231.  DISTRICT COURTS

15     Offenses against the United States shall be cognizable

16 in the district courts of the United States, but nothing in

17 this title shall be held to take away or impair the jurisdiction

18 of the courts of the several states under the laws thereof.

The district courts of the United States shall have
original jurisdiction, exclusive of the courts of the



471

| Date | Statutes at Large | | | | U. S. Code | |
|---|---|---|---|---|---|---|
| | Chapter | Section | Volume | Page | Title | Section |
| 1946—July 10 | 547 | ----- | 60 | 524, 525 | 18 | 641 |
| July 24 | 606 | ----- | 60 | 656 | 18 | 409–411 |
| Aug. 2 | 735 | ----- | 60 | 789 | 18 | 408e |
| Aug. 14 | 964 | 3 | 60 | 1064 | 7 | 1026 |

" Only the provisions amending section 52 of Act July 22, 1937, ch. 517, title IV, 50 Stat. 581, 582.

Passed the House of Representatives May 12, 1947.

Attest:               JOHN ANDREWS,
                            Clerk.

| 1947—Apr. 16 | 39 | --- | 61 | 52 | 18 | 413 |
| May 16 | 73 | --- | 61 | 97 | 18 | 744 |
| June 21 | 111 | --- | 61 | 134 | 18 | 24 |
| June 23 | 120 | 204 | 61 | 159 | 8 | 453 |

80TH CONGRESS
1ST SESSION

H. R. 3190

[REPORT No. 1620]

# AN ACT

To revise, codify, and enact into positive law, Title 18 of the United States Code, entitled "Crimes and Criminal Procedure".

MAY 13 (legislative day, APRIL 21), 1947
Read twice and referred to the Committee on the Judiciary

Reported with amendments.

*Reported by Mr. Wiley, with amendments.*

APPENDIX "IV"

# NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## To all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

the seal of the National Archives of the United States, that the attached reproduction(s) is a true and

copy of documents in his custody.

| SIGNATURE | |
|---|---|
| *Aloha South* | |
| NAME | DATE |
| ALOHA SOUTH | Oct. 13 2005 |
| TITLE | |
| ASSISTANT BRANCH CHIEF, NWCTB | |

NAME AND ADDRESS OF DEPOSITORY

The National Archives
Washington, D.C. 20408

NA FORM 14007A (10-86